IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05972-PAB

RICHARD LAYNERKER JAUREGUI SANCHEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden of Aurora ICE Detention Center,
MARKWAYNE MULLIN, Secretary of DHS, and
DAVID J. VENTURELLA, Acting Director of ICE,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Richard Laynerker Jauregui Sanchez's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 6.

## I. BACKGROUND[1]

Petitioner is a native of Venezuela. Docket No. 1 at 5, ¶ 1. In August 2023, petitioner entered the United States in Texas and was paroled into the United States by Customs and Border Patrol ("CBP"). *Id.*, ¶ 2. In August 2024, petitioner applied for asylum. *Id.*, ¶ 3. On July 2, 2026, petitioner was detained by Immigration and Customs Enforcement ("ICE"). *Id.* at 5-6, ¶ 7. ICE did not serve petitioner with a warrant for his arrest. *Id.* at 6, ¶ 8. On August 31, 2026, an immigration judge denied petitioner's

[1] The following facts are undisputed unless otherwise noted.

asylum application. *Id.* at 5, ¶ 4. On September 4, 2026, petitioner appealed the immigration judge's denial of asylum. *Id.*, ¶ 5

On August 11, 2026, petitioner filed a petition for a writ of habeas corpus in a case before Magistrate Judge Cyrus Y. Chung. *Jauregui Sanchez v. Valdez*, 26-cv-03651-CYC ("*Jauregui Sanchez I*), Docket No. 1. On August 28, 2026, Judge Chung granted the habeas petition and ordered respondents to provide petitioner with a bond hearing. *Id.*, Docket No. 9. On September 8, 2026, respondents filed a status report indicating that a bond hearing was held wherein bond was denied. *Id.*, Docket No. 13 at 2. On November 9, 2026, petitioner filed another petition for writ of habeas corpus in the instant case. Docket No. 1. Petitioner brings claims that his warrantless arrest and his current detention violate his constitutional and statutory rights. *Id.* at 5. On November 19, 2026, respondents filed a response. Docket No. 6.

## II. ANALYSIS

Respondents argue that the Court should "dismiss the Petition in this case as successive and moot" because "Petitioner's request for habeas corpus relief has been granted by another Court." Docket No. 6 at 2. Specifically, respondents assert that 28 U.S.C. § 2244(a) dictates that the Court should dismiss a habeas petition when the claims have already been decided in a prior habeas action. *Id.* The Court disagrees with respondents' argument for several reasons. First, there is no indication that Judge Chung considered petitioner's warrantless arrest claim. Judge Chung's order on the habeas petition states, in its entirety:

> ORDER granting Richard Laynerker Jauregui Sanchez's amended petition for writ of habeas corpus (the "Motion"). ECF No. 1. Based upon the lack of brief in opposition to this Petition, ECF No. 6, the Court finds that any argument against Petitioner being granted a bond hearing is forfeited. Accordingly, the Court **ORDERS** that Respondents shall, within seven

> days of this Order, either provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence, or release the petitioner.
>
> The respondents shall file a status report within **nine days** of this Order indicating whether the petitioner was released or a bond hearing was held and the outcome of any bond hearing. Entered by Magistrate Judge Cyrus Y. Chung on 08/28/2026.

*Jauregui Sanchez I*, Docket No. 9. Thus, it appears that Judge Chung granted the order based on the claim that petitioner was detained pursuant to 8 U.S.C. § 1226(a), not due to petitioner's warrantless arrest claim. Accordingly, the Court finds that petitioner's warrantless arrest claim in this case has not been decided in a prior habeas action.

Next, 28 U.S.C. § 2244(a)'s bar on successive habeas petitions does not apply to petitioner's detention. Section 2244(a) states that

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Title 28 U.S.C. § 2244(a). The Tenth Circuit has held that noncitizen detainees in civil immigration detention "are not 'in custody pursuant to a judgment of a court of the United States,'" and therefore "§ 2244(a) does not apply to them." *Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010) (citations omitted). Thus, it is incorrect that § 2244(a) bars petitioner's second habeas petition; to the contrary, § 2244(a) does not apply to petitioner's detention. *See Khan v. Current Sec'y of Dep't of Homeland Sec.*, 2026 WL 776190, at *2 (D.N.M. Mar. 19, 2026) ("The Tenth Circuit has squarely held that Section

2244's bar on second or successive habeas petitions does not apply to 2241 petitions filed by alien detainees.") (citation omitted).

Finally, the Court disagrees that petitioner's habeas petition is moot. While petitioner's first habeas petition was granted, petitioner nevertheless remains detained. In the habeas petition before the Court, petitioner seeks his immediate release from custody. Docket No. 1 at 10. Thus, petitioner seeks relief that is different in character from the relief petitioner was already granted and this matter is not moot.

The Court will now analyze petitioner's warrantless arrest claim. Title 8 U.S.C. § 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[2] 8 U.S.C. § 1226(a) (emphasis added). Petitioner asserts, and respondents do not refute, that petitioner was not served a warrant upon his arrest. Docket No. 1 at 6, ¶ 8. Therefore, the Court finds that petitioner was unlawfully arrested without a warrant in contravention of § 1226(a).

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

---

[2] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 6. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.[3]

## III. CONCLUSION

Therefore, it is

**ORDERED** that Richard Laynerker Jauregui Sanchez's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

[3] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's other claim for relief.

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge